Tagged opinion

ORDERED in the Southern District of Florida on Sept. 9, 2008



John K. Olson, Judge
United States Bankruptcy Court

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

In re:

BRUCE MACNEAL

    Debtor.
_____/

Case No.: 06-14202-BKC-JKO

Chapter 7

BRUCE MACNEAL

    Plaintiff,

vs.

EQUINAMICS CORP, and
JILL MACNEAL,

    defendants.
_____/

Adv. Case No.: 06-01939-JKO-A

**ORDER GRANTING MOTION TO STAY SANCTIONS PENDING REVIEW BY THE
COURT OF APPEALS, GRANTING STIPULATION REGARDING CHARGING
LIEN, DENYING MOTION TO MODIFY SUPERSEDEAS BOND,
AND DENYING REQUEST FOR EVIDENTIARY HEARING**

**THIS ADVERSARY PROCEEDING** is before me for consideration after further briefing which I had requested at the hearing held March 3, 2008, on: (1) Tabas, Freedman, Soloff & Miller, P.A.'s ("TFS&M") Motion to Approve Stipulation Regarding Charging Lien [DE 206]; (2) Plaintiff Bruce Donald MacNeal's ("MacNeal") Motion to Modify Supersedeas Bond by Transferring Judgment in Favor of Appellants Against Equinamics and response thereto [DE 204]; and (3) MacNeal's Motion to Continue Stay Based On Supersedeas Bond Pending 11th Circuit Review [DE 208] (collectively the "Pending Motions"). At the March 3, 2008 hearing, I directed the debtor/plaintiff, MacNeal, and his counsel, James A. Bonfiglio ("Bonfiglio") and Sherri B. Simpson ("Simpson") to provide further briefing on their position with respect to the Pending Motions. They did so, and after considering their memorandum [DE 219] and TFS&M's response [DE 221] thereto, in addition to Simpson's request for evidentiary hearing [DE 222] and TFS&M's objection [DE 224] to that request, I grant the Motion to Approve Stipulation Regarding Charging Lien because TFS&M has established the existence of a valid charging lien under Florida law; grant the Motion to Stay Sanctions Pending Review by the Court of Appeals; deny the Motion to Modify the Supersedeas Bond; and deny the request for evidentiary hearing because no further evidentiary presentation is required in order to determine the issues before me.

**BACKGROUND AND INTRODUCTION**

During the course of this adversary proceeding between plaintiff MacNeal (represented by counsel Bonfiglio and Simpson) and defendant Equinamics Corporation (represented by counsel TFS&M), I awarded sanctions in the amount of $14,352.90 in favor of Equinamics and against Bonfiglio, Simpson, and MacNeal (the "Sanctionees"), jointly and severally, by Order Denying Debtor's Motion for Rehearing and Determining Amount of Sanctions [DE 130] (the "Sanctions

Order"), entered June 18, 2007. On August 6, 2007, the Sanctionees deposited $17,510.54 with the Court registry and filed a Notice of Posting Supersedeas Bond [DE 186]. The bond was posted to obtain a stay pending the Sanctionees' appeal of the Court's Sanctions Order. On appeal, the District Court affirmed the award of sanctions. The Sanctionees have further appealed to the Court of Appeals.

On February 12, 2008, while MacNeal's bankruptcy case was continuing but after the parties had stipulated to dismiss this adversary proceeding [DE 151], Bonfiglio and Simpson were awarded an $82,150.00 costs and fee judgment against Equinamics in an entirely separate and unrelated state court action. *See* [DE 204] *at* pg. 10. MacNeal was not a party to that state court action.

Bonfiglio, Simpson and MacNeal now ask me to modify the supersedeas bond amount and to "transfer the $17,510.54 cash bond posted by [Sanctionees] to the $82,150.00 attorney fee and cost judgment awarded Bonfiglio and Simpson against Equinamics, and order that the Clerk return the $17,510.54 cash bond to Bonfiglio." [DE 204] *at* p. 1.

Couched in clearer legal terms, the Sanctionees' Motion to Modify the Supersedeas Bond is an argument for setoff between the two judgments: the federal court judgment I entered awarding sanctions in favor of Equinamics and against the three Sanctionees and the state court judgment entered awarding attorneys fees and costs to Bonfiglio and Simpson and against Equinamics. Complicating the picture is the fact that Equinamics' counsel TFS&M asserts a charging lien against Equinamics' recovery in this adversary proceeding, thereby placing in controversy the priority of competing claims to the supersedeas bond money. Sanctionees Bonfiglio, Simpson, and MacNeal argue that they have priority claim to the bond upon theory of setoff, while TSF&M claims it has a superior right by way of a common law charging lien.

## DISCUSSION

I find (1) that it is appropriate to stay the awarded sanctions pending the 11th Circuit appeal by Bonfiglio, Simpson, and MacNeal; (2) that the facts here do not support a theory of setoff because of an absence of mutuality – the awards to be setoff are from two separate cases with separate parties – and finally, that even if the parties were mutual, (3) that the charging lien is valid and has priority over any claims by Bonfiglio, Simpson, and MacNeal - in part because Bonfiglio, Simpson, and MacNeal seek equitable relief with "unclean hands." Finally, I find (4) that there is no reason to conduct an evidentiary hearing on the matters presented.

### The provision of a stay pending appeal to the Court of Appeals

The June 18, 2007 Order Denying Debtor's Motion for Rehearing and Imposing Sanctions against Bonfiglio, Simpson, and MacNeal, jointly and severally, is stayed pending resolution of the 11th Circuit appeal. The cash bond posted by the Sanctionees requires that result. Rule 62(d) of the Federal Rules of Civil Procedure (as incorporated by Fed. R. Bankr. P. 7062) provides that a "bond may be given upon or after the filing of a notice of appeal or after obtaining the order allowing the appeal." And further, that "[t]he stay takes effect when the court approves the bond." Because I have, by separate order [DE 197], permitted the Court Registry to accept the supersedeas bond, the posting of such funds guarantees Bonfiglio, Simpson, and MacNeal a right to a stay.[1] There are

---

[1] Mullins, Edward. Staying a Money Judgment in Federal Court with out the Posting of Supersedeas Bond. *Florida Bar Journal* (2003) (*citing Federal Prescription Service, Inc. v. American Pharmaceutical Ass'n*, 636 F.2d 755 (D.C. Cir. 1980)); *See also, In re Swift Airlines, Inc.*, 21 B.R. 12 (9th Cir. B.A.P. 1982); *Roche v. Pep Auto Supply Co. (In re Roche)*, 2006 Bankr. LEXIS 2326, 2 (Bankr. N.D. Ga., May 16, 2006).

4

exceptions to this rule which are not applicable to the current set of facts.[2] While the court has discretion to stay a proceeding without the posting of a supersedeas bond under Federal Rule of Bankruptcy Procedure 8005, I need not undertake such an analysis because Bonfiglio, Simpson, and MacNeal are entitled to the stay based on the posting of the supersedeas bond.

**Setoff not proper without mutuality**

The concepts of setoff and charging liens both have long legal histories. When a case properly places these two legal concepts in tension with one another it can be described, as eloquently stated by Benjamin Cardozo, as "reviv[ing] the smoldering fires of an ancient judicial controversy."[3] Unfortunately for those interested in a good legal fight, the arguments for setoff in this case are feeble and this controversy is substantially less incendiary.

Setoff does not lie on the facts here. The parties in the two judgments are not mutual, and mutuality is required before setoff is permitted. Bonfiglio, Simpson and their client MacNeal, jointly and severally, were sanctioned by me in connection with their conduct in this case and, as a result, owe money to Equinamics. *See* [DE 130] *at* pg 3. Bonfiglio and Simpson alone are owed money from Equinamics for the interlocutory appellate fees in *Minalla v. Equinamics*. *See* [DE 204] pg 9, 10. "A party seeking to assert a right of setoff must show that the debts subject to the setoff

---

[2] Rule 62(d) of the Federal Rules of Civil Procedure provides in relevant part, "[i]f an appeal is taken, the appellant may obtain a stay by supersedeas bond, except in an action described in Rule 62(a)(1) or (2)." Rule 62(a) excludes, (1) an interlocutory or final judgment in an action for an injunction or a receivership, and (2) a judgment or order that directs an accounting in an action for patent infringement.

[3] Kleinberg, Howard B. Is an Attorney's charging lien subordinate to a bank's right to setoff? New Yorks' Top Court Joints With Those That Say "Yes". Banking Law Journal - Bankruptcy for Bankers. (Sep 2002) (*citing Beecher v. Bogt. Manufacturing Co.*, 227 N.Y. 468, 469 (1920)).

are mutual, meaning that they exist 'between the same parties standing in the same capacity.'" *In re Harloff* 289 B.R. 770 (Bankr. M.D. Fla), citing *In re Tower Environmental, Inc.*, 217 B.R. 933, 940 (Bankr. M.D. Fla.1997) (quoting *In re Apex International Management Services, Inc.*, 155 B.R. 591, 593-94 (Bankr. M.D. Fla.1993)). Because mutuality is lacking here, I will not permit the two amounts to be set off against one another.

### Setoff not proper where the party seeking equitable relief has unclean hands

The thrust of Bonfiglio, Simpson, and MacNeal's argument for equitable setoff is that it is "patently unfair for the Court to allow Equinamics to collect the $ 17,510.54 cash bond from . . . [Bonfiglio, Simpson, and MacNeal] when Equinamics now owes [Bonfiglio and Simpson] $82,150.00 which cannot be collected because of Equinamics financial status." Because Bonfiglio, Simpson, and MacNeal move for the intervention of equity to level a playing field allegedly skewed to their disadvantage, I must evaluate the technical setoff arguments in the context of the overall case. Either way, Equinamics (by virtue of its apparent insolvency) leaves its state court judgment creditor (Bonfiglio and Simpson) short the judgment amount, or its attorneys short part of their legal fees. However, the apparent zero-sum tug-of-war game at which I have been asked to officiate is being waged on a field of equity in which one side has been sanctioned for misconduct. I conclude that Bonfiglio, Simpson, and MacNeal's unclean hands prevent me from lending the Court's aid in equity to parties seeking the active interposition of equity who have been found to have perpetrated sanctionable conduct in the matter in question. *Carmen v. Fox Film Corporation*, 269 Fed. 928, 932 (2d Cir. 1920), cert. denied, 255 U.S. 569 (1921).

The doctrine of unclean hands is a part of "a universal rule guiding and regulating the action of equity courts," namely, that he who seeks equity must do equity. As stated in *Pomeroy's Equity Jurisprudence,* 3d ed. (1905) § 397, p. 657:

> [W]henever a party, who, as *actor,* seeks to set the judicial machinery in motion and obtain some remedy, has violated conscience, or good faith, or other equitable principle, in his prior conduct, then the doors of the court will be shut against him *in limine;* the court will refuse to interfere on his behalf, to acknowledge his right, or to award him any remedy.

In order for a party's prior misconduct to act as a bar to the granting of equitable relief in his or her favor, that misconduct must arise out of the same transaction at issue; "it does not extend to any misconduct, however gross, which is unconnected with the matter in litigation, and with which the opposite party has no concern." *Pomeroy, supra,* at § 399, p. 659.

Applying these principles here, I necessarily conclude that the Sanctionees' misconduct which gave rise to the very sanctions award which they seek to setoff against fees and costs awarded in the unrelated state court litigation operates to bar them from the equitable remedy of setoff. Having previously acted in an inequitable manner in this case, Bonfiglio, Simpson and MacNeal cannot now obtain the equitable relief they seek.

**The validity of the charging lien**

Although under bankruptcy law, the creation and perfection of a property interest are not equivalent events, *see, e.g.,* 11 U.S.C. § 362(a)(4) *(staying "any act to create, perfect, or enforce any lien against property of the estate"),* both the creation and the perfection of liens are fundamentally questions of state law. *Weed v. Washington (In re Washington)*, 242 F.3d 1320, 1322-23 (11th Cir. 2001); *Grant v. Kaufman, P.A. (In re Hagen)*, 922 F.2d 742, 744 n.2 (11th Cir. 1991)(*citing Matter of Fitterer Eng'g Assoc., Inc.*, 27 B.R. 878, 880 (Bankr. E.D. Mich. 1983)). Charging liens in Florida

are governed by common law principles.[4] I therefore look to Florida case law to determine the validity and extent of the charging lien asserted here by TFS&M. "The charging lien is an equitable right to have the costs and fees due the attorney for services in the suit secured to him in the judgment or recovery in that particular suit." *Worley v. Phillips*, 264 So. 2d. 42, 43 (Fla. 2d DCA 1972). Under Florida law, the necessary elements for a charging lien fall into two stages: creation and perfection.

Florida law requires three elements for creating a valid charging lien: (1) an express or implied contract between attorney and client; (2) an express or implied understanding for payment of attorney's fees out of the recovery; and (3) either an avoidance of payment or a dispute as to the amount of fees. *Daniel Mones, P.A. v. Smith*, 486 So.2d 559 (Fla.1986). Here, the first two elements are satisfied by TFS&M's and Equinamics' stipulation that their "agreement to provide legal services," states in part: "Client agrees that TFS&M has a right to impose an attorneys' charging lien against any property or judgment that Client recover or retain in a matter for which TFS&M provided [Equinamics] with legal representation." [DE 206] *at* pg 2. As to the third element, I interpret the Florida case law requirement of "an avoidance of payment" to encompass Equinamics' inability to pay the legal fees owed to TFS&M. As the two parties stipulate to the fact that Equinamics owes TFS&M legal fees well into six figures and that Equinamics is unable to pay those fees, it is evident that the third element is satisfied. *Id. at* pg. 6. Therefore, TFS&M has created a valid charging lien as to legal fees owed, which fully attaches to the sanctioned amount.

---

[4]No statutes outline the requirements for valid attorney's liens in Florida; case law acts as the sole guide as to these liens.

Bonfiglio, Simpson, and MacNeal's argument focuses predominately on the perfection element[5] under Florida law for there to be an enforceable charging lien. Under Florida case law, "there are no requirements for perfecting a charging lien beyond timely notice." *Sinclair, Louis, Siegel, Heath, Nussbaum & Zavertnik v. Baucom*, 428 So.2d 1383, 1385 (Fla.1983). Bonfiglio, Simpson, and MacNeal assert that to impose a lien, TFS&M would have had to assert its charging lien in "the original action;" that is, in this adversary proceeding, and to have done so in a timely manner. This argument is misplaced. First, it is not at all clear that notice of TFS&M's charging lien had to be given to the Sanctionees. It is, after all, against Equinamics' entitlement to the sanctions award entered here to which TFS&M seeks to assert the charging lien. Notice of the charging lien assertion was clearly given to Equinamics. But assuming for the sake of argument that the Sanctionees were entitled to notice, they had actual notice. The Sanctionees' assertion that Florida law requires that TFS&M's charging lien be noticed in this adversary proceeding, and that the notice given in the main bankrupt case [DE 170] is insufficient, constitutes an erroneous interpretation of the wording "original action" from *Flynn v. Sarasota County Public Hospital Board*, 169 F. Supp. 2d 1363(M.D. Fla. 2001) and *Daniel Mones, P.A.*, 486 So.2d at 561. Both cases, and others that employ this wording, use "original" to distinguish between a suit instituted for the purposes of recovering attorney's fees from proceeds of prior litigation and that prior litigation itself during which the attorney's fees were incurred.

---

[5] Florida law requires a timely notice of a request for a charging lien. *Weed*, 242 F.3d *at* 1324.

Bonfiglio, Simpson and MacNeal are all charged with knowledge of the main case proceedings.[6] This adversary proceeding was commenced as a challenge to Equinamics' mortgage interest in the Debtor's property on the basis of alleged violations of the Federal Truth in Lending Act (15 U.S.C. §§ 1601-1666j). The results of the adversary proceeding have a direct effect on the administration of the Debtor's bankruptcy estate. *Flynn* stands for the proposition that:

> ... a claimant attorney is "... obligated to notify his clients in some way before the close of the original proceeding that he intend[s] to pursue the charging lien." Stated otherwise "all that is required to entitle the attorney to perfect a charging lien 'is for the attorney to file the notice of lien or otherwise pursue the lien in the original action' prior to its termination."

169 F. Supp. 2d at 1368-69 (internal citations omitted). The main bankruptcy case was still active during the filing of the notice of charging lien and this adversary proceeding remains pending due to appellate review. Given the nature of this bankruptcy case and the interaction and interconnection of this adversary proceeding to the main case, the argument that there has been insufficient notice of TFS&M's charging lien is simply silly.

Moreover, even the *Flynn* Court holds that a charging lien may be imposed after the termination of proceedings in exceptional cases. *Flynn v. Sarasota County Hospital Public Hospital Board*, 169 F. Supp.2d 1363, 1369 (M.D. Fla 2001) recapitulating the holdings of *Sinclair, Louis*, 428 So.2d at 1385; *Miller v. Scobie*, 152 Fla. 328, 11 So.2d 892, 894 (1943); *Brown*, 614 So.2d at 580-81; *Hannah v. Elder*, 545 So.2d 503, 504 (Fla. 4th DCA 1989); *Strickland v. Frey*, 187 So.2d 84, 86 (Fla. 4th DCA 1966); and *United States v. Transocean Air Lines, Inc.*, 356 F.2d 702, 705-06

---

[6]MacNeal is the Debtor in the main bankruptcy case, Case No. 06-14202-BKC-JKO, for which Attorney Simpson is the Debtor's counsel. Attorney Bonfiglio is of counsel to the Law Offices of Sherri B. Simpson, P.A., Attorney Simpson's professional services corporation. *See* <tp://www.martindale.com/James-A-Bonfiglio/4293819-lawyer.htm>

(5th Cir.1966). Recognition of the charging lien here does not require a resort to "exceptional circumstances;" this is a garden variety case.

The *Flynn* holding importantly emphasizes that the Court's deliberation (as to whether the notice given was appropriate) should be colored by considerations of contextual equity. Here, attorney (TFS&M) and client (Equinamics) both agree as to the existence and imposition of a lien; the recovery in question was awarded to Equinamics as a sanction for improper conduct on the part of Bonfiglio, Simpson, and MacNeal. [DE 139]. There is nothing in the record to suggest that all requisite notice of the charging lien was not given. I therefore conclude that the charging lien is valid, perfected and fully enforceable.

### Priority of charging lien v. right of setoff

Finally, I disallow setoff because the transactions in the two separate causes of action were different; case law generally gives attorney's charging liens priority over the right of setoff when the claims arise in different cases. When "other claims, arising out of different transactions and which could not have been a legal or equitable set-off in that suit, exists between the parties, the court ought not to divest the lien of the attorney or solicitor which has already attached on the amount recovered for costs of that particular litigation." Kleinberg, Howard B. Is an Attorney's charging lien subordinate to a bank's right to setoff? New Yorks' Top Court Joints With Those That Say "Yes". Banking Law Journal - Bankruptcy for Bankers. (Sep 2002) (*quoting Dunkins v. Vandengergh,* 1 Paige Ch. 622, 625 (1829)).

### Request for evidentiary hearing

None of the foregoing analysis deals with issues which would be clarified by an evidentiary hearing. I therefore will deny this motion.

For the reasons stated above, it is **ORDERED** that :

1) The Motion to Stay Sanctions Pending 11th Circuit Review [DE 208] is **GRANTED**. The funds held in the Court's Registry will remain there pending further order of this Court.

2) TFS&M's Motion to Approve Stipulation Regarding Charging Lien [DE 206] is **GRANTED** and TFS&M's charging lien in the sanctions award entered against Sanctionees Bonfiglio, Simpson and MacNeal is hereby determined to be valid, perfected and enforceable.

3) Bonfiglio, Simpson, and MacNeal's Motion to Modify Supersedeas Bond by Transferring Judgment in Favor of Appellants Against Equinamics [DE 204] is **DENIED**.

4) Simpson's request for evidentiary hearing [DE 222] is **DENIED**.

# # #

Copies furnished to:

Joel L Tabas, Esq
25 Southeast 2nd Avenue - Suite 919
Miami, FL 33131

Attorney Tabas is directed to serve a conformed copy of this order on all interested parties